IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID M. STAGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-1125-T |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell issued February 22, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has filed a timely objection to the Supplemental Report, which recommends the denial of habeas relief. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, based on six claims of constitutional error in his criminal case: (1) the Oklahoma Court of Criminal Appeals (OCCA) incorrectly applied *Thornton v. United States*, 541 U.S. 615 (2004), to his Fourth Amendment claim; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) double jeopardy; (5) unconstitutional search; and (6) deprivation of his right to a fair trial. *See* Petition [Doc. 1] at 6-16.s Despite the skeletal nature of the Petition and Petitioner's failure to submit any argument or authority in support of his claims, Judge Purcell

has conducted a careful analysis of each claim arguably raised.  In response, Petition makes a litany of objections to every aspect of Judge Purcell's legal analysis.  The Court rules on these objections as follows.

For the most part, Petitioner's objections consist of a boilerplate statement with respect to each of his claims:

> Petitioner objects to the conclusion of law, that the state courts' adjudication of his claim that [insert a description of the claim] was neither contrary to nor an unreasonable application of clearly established federal law, nor was based upon an unreasonable determination of the facts.

Objection [Doc. 20], seriatim.  This general objection simply restates the standard of decision under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d).  It effectively says only, "I object," and is insufficient to satisfy the requirement of a specific objection.  *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").  Thus as to each issue where Petitioner merely states this boilerplate objection, the Court finds the court of appeals' firm waiver rule bars further review.

Moreover, as to much of the Supplemental Report, Petitioner's assertion of this standard objection is meaningless.  Petitioner recites this objection as to each alleged instance of ineffective assistance of trial counsel.  However, this claim was not decided in state court; OCCA applied a state-law rule of procedural default.  Judge Purcell, on the other hand, finds the procedural bar to be an inadequate ground for the state court's decision and addresses the merits of this claim in the first instance.  *See* Suppl. Report [Doc. 17] at 16-17.  Consequently, AEDPA's deferential standard

of review is irrelevant to this claim. It is also irrelevant to Petitioner's Fourth Amendment claims; Judge Purcell finds federal court review to be precluded by *Stone v. Powell*, 428 U.S. 465 (1976), because Petitioner had a full and fair opportunity to litigate these claims in state court. *See* Suppl. Report [Doc. 17] at 13.)[1]

Upon review of the issues properly preserved by a specific objection, the Court finds itself in complete agreement with Judge Purcell. Only a few points merit further discussion. As to the remainder, the Court cannot add significantly to Judge Purcell's thorough and well-reasoned analysis.

First, the Court fully concurs in Judge Purcell's conclusions that trial counsel was not ineffective for failing to seek a drug court adjudication and failing to object at sentencing to the trial judge's consideration of a prior manslaughter conviction. The alleged staleness of Petitioner's prior conviction is irrelevant to the requirements of the Oklahoma Drug Court Act, Okla. Stat. tit. 22, § 471 *et seq.*, and to the sentencing judge's exercise of discretion in determining an appropriate sentence. "The Drug Court Act creates a court-approved plea agreement, providing a separate rehabilitation procedure for individuals who would otherwise be prosecuted and punished for their drug-related offenses in a traditional criminal setting." *Woodward v. Morrissey*, 991 P.2d 1042, 1045 (Okla. Crim. App. 1999). The record contains no basis to conclude Petitioner could have obtained admission to the program, which specifically requires the district attorney's approval. *See*

---

[1] The Court also finds no need to discuss Petitioner's objection to Judge Purcell's analysis of the first condition of *English v. Cody*, 146 F.3d 1257 (10th Cir. 1998), in view of Judge Purcell's additional findings in Petitioner's favor on the second condition and the inapplicability of procedural default rule.

3

*id*.; *see also* Okla. Stat. tit. 22, § 471.2(B).  The statutory prohibition against utilizing a conviction more than ten years old for sentencing enhancement purposes, *see* Okla. Stat. tit. 21, § 51.2, was enforced in this case through the pretrial dismissal of an additional charge of committing the offenses after a felony conviction.  This statute imposes no limitation on the sentencing judge's discretion whether to suspend a part of a criminal sentence.  *See Grant v. State*, 703 P.2d 943, 946 (Okla. Crim. App. 1985) ("it is well settled that the determination of whether to grant or deny a suspended sentence, in whole or in part, is addressed to the sound discretion of the trial court").

      Second, the Court concurs in Judge Purcell's finding that Petitioner has failed to show trial counsel was constitutionally ineffective because he denied Petitioner the right to testify at trial.  Contrary to Petitioner's argument, his affidavit stating that defense counsel refused his specific request to testify does not entitle him to an evidentiary hearing.  Judge Purcell assumes the truth of this testimony and the unreasonableness of trial counsel's performance in this regard.  *See* Suppl. Report [Doc. 17] at 21.  Judge Purcell nevertheless finds no basis to conclude Petitioner was prejudiced by trial counsel's error.  Petitioner allegedly sought to testify about his drug addiction and his "minimal involvement" in manufacturing methamphetamine at the residence.  *See* Response [Doc. 12], Ex. 5, Staggs Aff. at 1, ¶ 4.  This proposed testimony would not have affected the jury's guilty verdict, and the Court finds no reasonable likelihood it would have resulted in a lighter sentence.  *See Duvall v. Reynolds*, 139 F.3d 768, 784 (10th Cir. 1998) (petitioner must "demonstrate a reasonable probability that the outcome of his sentencing would have been different").

      Similarly, evidence that Petitioner's trial counsel made a statement critical of his case to a another client housed in the same jail and that Petitioner's knowledge of this statement had a chilling

effect on his communication with counsel – even if true – does not establish prejudice. The information allegedly withheld as a result concerned "the true ownership of the meth lab found in his residence." *See* Response [Doc. 12], Ex. 5 at 5. Assuming Petitioner would have disclosed some other person owned the "meth lab," this evidence would not negate any charge against Petitioner. He was charged with manufacturing methamphetamine, possessing a precursor, and possessing methamphetamine with an intent to distribute. Evidence of another person's ownership of the manufacturing apparatus or premises would not create a reasonable probability of an acquittal of the charges nor mitigate his criminal responsibility.

     Finally, the Court rejects Petitioner's objection to Judge Purcell's finding of no merit in his claim that trial counsel was ineffective for failing to conduct an adequate cross-examination of law enforcement witnesses. Petitioner does not suggest any possible means of undermining the officers' testimony that Petitioner directed them to the residence that was searched and consented to the search, expressed concern to the officers about his puppy that was inside the residence at the time, and asked officers to retrieve a ring from the house that had sentimental value to him (which they did). Instead, Petitioner argues, without any citation to the record, that the evidence showed "he maintained another house as his actual residence, and that the house searched was maintained co-jointly with others for purposes other than their primary residence." *See* Objection [Doc. 20] at 4. Again, assuming trial counsel could have utilized this evidence more effectively during the cross-examination of law enforcement witnesses, it would not have negated Petitioner's criminal liability for drug manufacturing activities at a residence he maintained with others.

5

For these reasons, the Court overrules Petitioner's objections and adopts Judge Purcell's Supplemental Report and Recommendation [Doc. 17] in its entirety.  Therefore, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DENIED.  Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of May, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE